# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MATTHEW RIDGE,

    Defendant.

Case No. 2:09-cr-455-LDG

<u>ORDER</u>

    The defendant, Matthew Ridge, filed a Notice of Filing of Second or Successive Petition in the Ninth Circuit and Filing of Protective Abridged Motion to Vacate under 28 U.S.C. §2255 (ECF No. 89). That document asked the Court to hold his Protective Abridged Motion in Abeyance until the Ninth Circuit could consider whether to allow it to be filed as a second or successive petition. This Court granted that motion (ECF No. 91). The Ninth Circuit granted Ridge's application to file a second or successive §2255 petition, and authorized this Court to proceed with Ridge's abridged motion that he had filed in this court (ECF No. 90).

    In sentencing Ridge under the advisory Sentencing Guidelines, the Court determined that he was a career offender under §4B1.1. Ridge argues that his prior felony convictions no longer qualify as crimes of violence pursuant to the Supreme Court's

decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). That argument is foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Johnson*, the Supreme Court held that the vagueness of the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) (ACCA), violated the Constitution's Due Process Class. 135 S.Ct. at 2557, 2563. Ridge argues that the reasoning of *Johnson* applies to the residual clause in the definition of crime of violence in §4B1.2.

Ridge cannot bring that challenge because he was sentenced pursuant to advisory Sentencing Guidelines. In *Beckles*, which was decided after the Ninth Circuit granted Ridge's petition to file the present motion as a second or successive motion, the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that §4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 895. Accordingly, the Court will deny Ridge's §2255 motion.

Certificate of Appealability

To appeal this order, Ridge must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted). This standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc). In the present matter, the Supreme Court's decision in *Beckles* is dispositive and precludes this Court from finding that reasonable jurists could debate whether (or, for that matter, agree that) Ridge can challenge his sentence pursuant to *Johnson*. Therefore, for good cause shown,

THE COURT **ORDERS** that Defendant Matthew Ridge's Abridged Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 is DENIED.

THE COURT FURTHER **ORDERS** that it will not grant a certificate of appealability.

DATED this ___ day of January, 2020.

_____
Lloyd D. George
United States District Judge